PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL FARDELL MONTGOMERY, | ) | |
| | ) | CASE NO. 4:17CV0399 |
| Petitioner, | ) | |
| | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN S. MERLAK, | ) | |
| | ) | **MEMORANDUM OF OPINION &** |
| Respondent. | ) | **ORDER** [Resolving ECF No. 3] |

*Pro se* Petitioner Michael Fardell Montgomery, an inmate in the Federal Correctional Institution in Elkton, Ohio, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (*See* Amended Petition, ECF No. 4), challenging the fifteen-year mandatory minimum penalty imposed on his convictions for firearm and drug offenses in the United States District Court for the Eastern District of Michigan. Also pending is Petitioner's Motion to Stay (ECF No. 3) this proceeding.[1]

## I. Background

Petitioner was convicted by a jury in the United States District Court for the Eastern

---

[1] On May 16, 2017, Petitioner filed his Motion to Stay (ECF No. 3) requesting a "30 day stay, so that he can file a supplemental claim, adding that the Michigan delivery statute is overbroad to qualify as a prior predicate; because a delivery charge and conviction can be sustained by simply sharing a controlled substance." On June 14, 2017, Petitioner filed his Amended Petition for Relief (ECF No. 4) incorporating the supplemental claim. Accordingly, Defendant's Motion to Stay (ECF No. 3) this proceeding is denied as moot.

(4:17CV0399)

District of Michigan (Case No. 4:09-CR-20101) on February 15, 2011, on charges of: (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(l) and 924(e), and (2) possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841. ECF No. 4 at PageID #: 29. The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), mandates a minimum sentence for someone convicted as a felon in possession of a firearm under 18 U.S.C. § 922(g)(l) who also has three previous convictions for a "violent felony," a "serious drug offense," or both. Because he had three prior drug convictions, Petitioner was subject to the fifteen-year mandatory minimum penalty under the ACCA. ECF No. 4 at PageID #: 29, 31. He was sentenced to concurrent terms of 190 months imprisonment. *Id.* at PageID #: 29. On August 9, 2012, the Sixth Circuit Court of Appeals affirmed his conviction. *See United States v. Montgomery*, 491 F. App'x 683 (6th Cir. 2012).

Petitioner filed a Motion to Vacate Conviction under 28 U.S.C. § 2255, in which he challenged his ACCA enhancement in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). His Motion was denied by the Eastern District of Michigan on December 16, 2016. *See* ECF No. 123 in Case No. 4:09-CR-20101 (E.D. Mich.). Petitioner did not appeal that decision.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, again challenging the sentencing enhancement under the ACCA, and asking this Court to order the Eastern District of Michigan to resentence him. ECF No. 4 at PageID #: 33. He contends that the definition of a drug offense under MCL § 333.7401 is broader than the generic offense defined by federal law and under *Johnson*, *Descamp v. United States*, 133 S. Ct. 2276

2

(4:17CV0399)

(2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his state convictions should not qualify as a "serious drug offenses" under the ACCA. *Id.* at PageID #: 29-31. Petitioner seeks relief under the safety valve provision of 28 U.S.C. § 2255. *Id.* at PageID #: 28.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 224l(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, if the Court determines that the Petition fails to establish adequate grounds for relief, the Court may dismiss the Petition at any time or make any such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

## III. Law and Analysis

Petitioner is not entitled to relief under 28 U.S.C. § 2241. As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain

3

(4:17CV0399)

habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the avenue for relief for federal prisoners to challenge their convictions or sentences, while §2241 is appropriate for claims challenging the execution or manner in which the sentences are served. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners that seek to challenge their convictions or imposition of their sentences must assert such claims in the sentencing court under §2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims are unsuccessful.

Section 2255 does contain a narrow exception to this rule which permits a federal prisoner, in rare circumstances, to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241. A federal prisoner can only use § 2241 to challenge his conviction or sentence if there is an intervening change in the law after his conviction that establishes his actual innocence and it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). Actual innocence in this context means

(4:17CV0399)

that the intervening change in the law renders the conduct of which Petitioner was convicted no longer a crime. *See* Martin v. Perez, 319 F.3d 799, 804 (6th Cir. 2003); Peterman, 249 F.3d at 462; Bousley v. United States, 523 U.S. 614, 623 (1998). In addition, Petitioner must demonstrate that he cannot obtain relief based on this new decision from the sentencing court. Bousely, 523 U.S. at 620 (citing Davis v. United States, 417 U.S. 333, 346 (1974)).

Petitioner's remedy afforded under § 2255 was not inadequate or ineffective to assert his current challenge to his sentencing enhancement. In fact, he filed a Motion to Vacate his Sentence under 28 U.S.C. § 2255 on August 12, 2015 in which he challenged his sentence enhancement under the ACCA based on the Supreme Court's decision in *Johnson*. That claim was addressed on the merits and denied. The claim he is attempting to assert under § 2241 is a new legal theory based on *Johnson* and *Descamp*. He could and should have raised that claim in his § 2255 Motion.[2] The Sixth Circuit has clearly stated that a remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the Petitioner is procedurally

---

[2] Petitioner contends he could not have asserted his current claim in his § 2255 Motion because *Descamp* was decided after he filed his Motion to Vacate. *Descamp*, however, was decided in 2013, before *Johnson* was decided and two years before Petitioner filed his § 2255 Motion to Vacate. While *Mathis* was decided in 2016, it is based on the same legal theory as *Descamp* and *Johnson*.

5

(4:17CV0399)

barred from pursuing relief under § 2255. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 756.

In addition, the cases Petitioner cites are not applicable to his sentence. *Descamp*, *Johnson,* and *Mathis* are all concerned with the residual clause of the ACCA. Petitioner's sentence was not enhanced under the residual clause of the ACCA. It was enhanced because he had three convictions for serious drug offenses. Insofar as it relates to Petitioner's status as an armed career criminal, *Descamp*, *Johnson,* and *Mathis* had no impact on his sentence.

### IV.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 June 27, 2017                    */s/ Benita Y. Pearson*
Date                              Benita Y. Pearson
                                  United States District Judge